**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRADLEY LANE CROFT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **SA-25-CV-882-JKP** |
| | § | |
| **SUE JEVNING, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Bradley Lane Croft's "Complaint For Damages and Injunctive Relief Under 42 U.S.C. § 1983" and attached exhibits filed under seal. (ECF No. 1). Croft, who is presently confined at the Cross Point Halfway House, is proceeding *in forma pauperis* (IFP) pursuant to the Prison Litigation Reform Act (PLRA). After review, the Court finds that the Complaint is dismissed as frivolous.

## BACKGROUND

A. *United States v. Croft*, 5:18-cr-603-DAE-1

From 2011 to 2018, Croft was the operator of Universal K-9, a school in San Antonio that trained dogs, as well as dog-handlers, for various law-enforcement related tasks such as detection and tracking. Croft sought to certify Universal K-9 as a non-accredited, non-college-degree school through the Texas Veterans Commissions (TVC) so that he could teach veterans who could pay the course fee using funds provided through the G.I. Bill and paid by the Education Benefits Program of the Department of Veterans Affairs (VA). Over the course of three years, Croft submitted multiple applications to the TVC; eventually, after the fourth application (received on

March 4, 2016) was approved, Universal K-9 was certified by the TVC and accepted by the VA on June 24, 2016.

On October 17, 2018, a federal grand jury returned a superseding indictment charging Croft with eight counts of wire fraud in violation of 18 U.S.C. § 1343, four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), two separate counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A), (a)(1)(B), and (a)(2), and two counts of making a false tax return in violation of 26 U.S.C. § 7206(1). The fraud involved material misrepresentations Croft made about Universal K-9 in his application to the TVC. Croft proceeded to a bench trial before United States District Judge David A. Ezra that commenced October 8, 2019. Judge Ezra found Croft guilty of all counts and held a sentencing hearing on April 30, 2021. Judge Ezra sentenced Croft to 118 total months of imprisonment and three years of supervised release.[1]

Eventually, all of Croft's convictions were affirmed on appeal.[2] Croft filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and, thereafter, an Amendment/Supplement to the § 2255 motion. On October 29, 2025, Judge Ezra denied the § 2255 motion, dismissed in part as time-barred and denied in part the Amendment/Supplement to the § 2255 motion, and denied a certificate of appealability. On June 29, 2026, the Fifth Circuit

[1] Judge Ezra further ordered that Croft pay a $1,600.00 special monetary assessment, $1,506,758.31 in restitution, as well as forfeiture of several pieces of personal and real property.

[2] The Fifth Circuit Court of Appeals affirmed the judgment on May 24, 2022. On June 20, 2023, the Supreme Court vacated the judgment affirming Croft's convictions and remanded for further consideration in light of *Dubin v. United States*, 599 U.S. 110, 131 (2023) (articulating a new standard for convictions under § 1028A). On December 1, 2023, the Fifth Circuit affirmed Croft's convictions and sentences for the four aggravated identity theft counts in light of *Dubin*. The remaining convictions were not challenged on remand. On April 1, 2024, the Supreme Court denied Croft's petition for a writ of certiorari.

Court of Appeals denied Croft's motion seeking a certificate of appealability. *See United States v. Croft*, No. 25-50957, ECF No. 70 (5th Cir. June 29, 2026).

B. Civil rights action

On July 25, 2025, Croft filed the pending Complaint, alleging civil rights violations under 42 U.S.C. §§ 1983 and 1985 by TVC employees who denied Croft's applications in the course of seeking Universal K-9's TVC approval and ultimately revoked TVC approval prior to Croft's indictment in the criminal case. (ECF No. 1). Croft names as Defendants: 1) Sue Jevning; 2) Rufus Culborn; and 3) Bebe Glasgow, who were "at all relevant times employed by TVC or its related SAA [State Approving Agency] function and acted under color of state law." (*Id.*). He further names "John and Jane Doe" Defendants 1-10, who are "additional TVC or DPS actors not yet known but discoverable." (*Id.*). Croft sues the Defendants "in their individual capacities for damages and in their official capacities for injunctive relief." (*Id.*).

Croft alleges that Defendants acted jointly with federal investigators to obstruct, revoke, and prevent Universal K-9's TVC approval, despite full regulatory compliance. (*Id.* at 2). Croft further alleges that the actions taken against him "were done without any valid complaint, hearing or neutral process, and in direct retaliation for [Croft]'s protected petitions to state officials and agencies." (*Id.*). Specifically, Croft alleges that, in 2015, he submitted an application to the TVC that included "evidence of exemption from DPS licensing, staff rosters, and curriculum outlines." (*Id.* at 3). Croft further alleges that after he petitioned the Office of the Texas Governor, the Texas Workforce Commission, and state senators for review of TVC's "selective enforcement practices" by submitting "formal letters and FOIA requests seeking transparency and accountability," Defendants initiated a "pattern of interference," which included delaying the approval of his TVC

application without justification and failing to acknowledge Universal K-9's exemption to certain requirements. (*Id.*). He further alleges that the named Defendants "manipulat[e]d internal standards and issu[ed] denial letters that contradicted prior communications." (*Id.*).

Additionally, Croft alleges that Defendants coordinated with Sharleigh Drake, a Texas Department of Public Safety officer, and Jeff Breen, an agent of the VA Office of Inspector General (OIG) to "suppress [Croft]'s program." (*Id.*). Specifically, Croft alleges that, in 2018, TVC "coordinated the withdrawal of Universal K-9's VA eligibility to coincide with the execution of a federal search warrant." (*Id.*). According to Croft, this coordination "was intentional and designed to maximize reputational harm." (*Id.*). Croft alleges that the TVC revoked his approval despite any VA or veteran complaint and without any due process hearing or neutral fact finding. (*Id.* at 4). Croft submitted numerous exhibits under seal in support of his Complaint. (ECF No. 1-1). Croft asserts four claims:

1) Fourteenth Amendment procedural due process violation (Count One): Croft asserts that in withdrawing his TVC approval, Defendants revoked a "protected property and liberty interest in operating a state-approved educational program" without notice, hearing, complaint, or process, in violation of his Fourteenth Amendment due process rights;

2) First Amendment retaliation (Count Two): Croft asserts that after he engaged in protected speech by filing requests for public information, contacting state officials, and lawfully "asserting exemption rights," Defendants retaliated by revoking his TVC approval and "coordinating with federal actors;"

3) Equal Protection violation (Count Three): Croft alleges that Defendants applied enforcement standards inconsistently, targeting Croft while allowing other non-veteran-owned or state-affiliated schools to operate under lesser standards. Croft alleges that the inconsistent treatment "lacked rational basis and was motivated by animus and retaliation;" and,

4) Conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3) (Count Four): Croft alleges that the Defendants "conspired with federal agents and state actors to deprive him of civil rights under color of law." He further alleges that "this included communications between TVC and VA OIG to revoke Croft's TVC approval in parallel with federal prosecutorial timing."

(*Id.* at 4-5). Croft alleges that he continues to suffer "reputational injury, exclusion from veteran program eligibility, and active harm from the revoked status." (*Id.* at 7). Croft seeks compensatory damages in an amount to be proven at trial (no less than $10 million dollars), punitive damages against the Defendants in their individual capacities, a declaratory judgment that the Defendants' actions violated clearly established constitutional rights; injunctive relief enjoining any "further use or dissemination of revoked status," and reasonable attorney's fees and costs. (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state

a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint is frivolous if "it lacks any arguable basis in law or fact." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Id.* A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## DISCUSSION

A. Statute of limitations

Croft's claims are barred by the applicable statute of limitations. A district court may *sua*

*sponte* dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the complaint that the claims are time-barred. *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citation omitted); *Madis v. Edwards*, 347 F. App'x 106, 107 (5th Cir. 2009) (citation omitted).

Sections 1983 and 1985 contain no statute of limitations provision. *Owens v. Okure*, 488 U.S. 235, 239–40 (1989). Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001); *Beckwith v. City of Houston*, 790 F. App'x 568, 575 (5th Cir. 2019) (citation omitted) ("Because there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. §§ 1983 and 1985, federal courts borrow the forum state's general personal injury limitations period."). Texas has a two–year statute of limitations for personal injury claims, meaning that a plaintiff has two years to file suit from the date the claim accrued. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Piotrowski*, 237 F.3d at 576. Although the Texas limitations period applies, federal law governs when a claim accrues. *See Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski*, 237 F.3d at 576 (internal quotation marks and citations omitted).

The facts as pleaded by Croft in the Complaint, along with the exhibits he submitted in support, establish that all of Croft's claims accrued, at the latest, by 2018. Croft's exhibits show

that the denial of Universal K-9's applications occurred between 2013 and 2017.[3] (ECF No. 1-1 at 10, 21). Croft's own submissions indicate that a "federal raid" of his business took place in June 2018, and all business operations ceased abruptly, when "the Department of Justice seized company bank accounts and assets." (*Id.* at 39). Croft further submitted an exhibit demonstrating that Defendant Jevning, who was the TVC Director of Veterans Education, sent Croft an email on August 8, 2018, informing Croft that Universal K9's approval to train veterans and VA-eligible persons was withdrawn effective the same day, due to an ongoing investigation of the VA OIG regarding Universal K-9. (*Id.* at 87). Croft was initially indicted on criminal charges and arrested on August 22, 2018. Thus, by August 2018, Universal K-9 had ceased business operations, its TVC approval was revoked, and Croft was under indictment for federal criminal charges. Croft was plainly aware of the facts giving rise to his claims by 2018 and was required to file his Complaint by 2020. Croft did not file the pending Complaint until July 25, 2025. Absent tolling, Croft's claims are clearly time-barred.

Recognizing the untimeliness of the Complaint, Croft alleges that equitable tolling applies due to "[g]overnmental concealment and misrepresentation" and "coordinated suppression of material facts across multiple agencies." (ECF No. 1 at 5). Croft alleges that "[f]rom 2018 through the present, defendants intentionally and systematically concealed the extent of their unlawful conduct, including coordination with federal actors, lack of due process, and the retaliatory nature of their actions." (*Id.*). Croft alleges that "[i]nternal agency emails, FOIA disclosures, and corroborating evidence" became available "in recent years" and "only through [Croft]'s persistent

[3] An exhibit to the Complaint shows that the TVC disallowed Universal K9's application to train veterans using VA education benefits at its Midlothian campus on September 15, 2017. (ECF No. 1-1 at 21).

efforts while incarcerated." (*Id.*). He further alleges that his "wrongful imprisonment and lack of access to evidence" substantially impaired his ability to investigate or assert his claims, however he acted diligently to uncover the truth and file suit as soon as the facts and legal basis became clear. (*Id.*).

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* Both Texas courts and federal courts apply the doctrine of equitable tolling sparingly. *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (citing *Hand v. Stevens Transport, Inc.*, 83 S.W.3d 286, 293 (Tex. App. 2002); *Wallace v. Kato*, 549 U.S. 384, 396 (5th Cir. 2007)).

Liberally construing the Complaint to seek tolling under the doctrine of fraudulent concealment, Croft's allegations are too vague and conclusory to warrant its application here. Under the doctrine of fraudulent concealment, "when a defendant has fraudulently concealed the facts forming the basis of the plaintiff's claim, [a statute of] limitations does not begin to run until the [plaintiff], using reasonable diligence, discovered or should have discovered the injury." *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 817 (Tex. 2021). A party asserting fraudulent concealment must establish an underlying wrong, and that "the defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011) (quoting *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999)).

Although Croft generally alleges "concealment," "misrepresentation," and "suppression," he does not allege any facts that, if accepted as true, would demonstrate fraudulent concealment.

Nor do his exhibits establish fraudulent concealment. Moreover, Croft does not assert a specific date when he discovered the facts forming the basis for his claims, as to establish that he timely filed the Complaint following the discovery.

The fact of Croft's imprisonment also does not toll the limitations period under Texas law. *See Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992); *Madis*, 347 F. App'x at 108 (lack of representation and limited library access are insufficient to toll the limitations period under Texas law). Accordingly, because Croft's claims are barred by the statute of limitations and equitable tolling does not apply, the Complaint is dismissed with prejudice.

B. *Heck* bar

Insofar as any of the claims in the Complaint imply the invalidity of Croft's underlying convictions, the Court finds in the alternative that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the United States Supreme Court held that a § 1983 claim for which monetary damages are sought and that necessarily implies the invalidity of the plaintiff's conviction or imprisonment does not accrue, i.e., is barred, until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Thereafter, in *Wilkinson v. Dotson*, the Supreme Court held that a prisoner's § 1983 claims are "barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81–82 (2005). A § 1983 claim which falls under the

rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question. *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir. 1994).

Croft asserts that *Heck* is not applicable because the Complaint does not "seek to invalidate or impugn the validity of any criminal conviction or sentence," and the conduct challenged in the Complaint "occurred prior to any indictment, trial or conviction, and arises from separate and independent constitutional violations." (ECF No. 1 at 6). Croft does not allege or demonstrate that his convictions have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Therefore, to the extent that *Heck* applies, and insofar as Croft's claims are not barred by the state of limitations, they are barred by *Heck*. Accordingly, in the alternative, the Complaint is dismissed with prejudice until such time as Croft satisfies the conditions set forth in *Heck*.

**CONCLUSION**

Based on the foregoing analysis, the Court finds Croft's claims are barred by the applicable statute of limitations, and, in the alternative barred by *Heck*. Accordingly, the Complaint is dismissed as frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff Bradley Lane Croft's "Complaint For Damages and Injunctive Relief Under 42 U.S.C. § 1983" (ECF No. 1) is **DISMISSED WITH PREJUDICE** as frivolous because his claims are barred by the statute of limitations. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**IT IS FURTHER ORDERED THAT** to the extent that *Heck* applies, and insofar as Croft's claims are not barred by the state of limitations, the claims are **DISMISSED WITH PREJUDICE** as barred by *Heck* until such time as Croft satisfies the conditions set forth in *Heck*. This dismissal counts as a strike for purposes of § 1915(g).

It is so **ORDERED**.

**SIGNED** on this 31st day of August 2026.

Jason Pulliam

JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE